UNITED STATES DISTRICT COURT                    **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
FAMILY DOLLAR STORES, INC.,          :   11 Civ. 2574 (CM)(JCF)
                                     :
            Plaintiff,               :      MEMORANDUM
                                     :      AND ORDER
      - against -                    :
                                     :
UNITED FABRICS INTERNATIONAL, INC.,  :
                                     :
            Defendant.               :
- - - - - - - - - - - - - - - - - - - -:
UNITED FABRICS INTERNATIONAL, INC.,  :
                                     :
      Counter-Claimant,              :
                                     :
      - against -                    :
                                     :
PRESTIGE GLOBAL COMPANY LTD. and     :
FAMILY DOLLAR STORES, INC.,          :
                                     :
      Counter-Defendants.            :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

      This is an action concerning a copyright registered to

defendant and counter-claimant United Fabrics International, Inc.

("UFI" or the "Defendant").  Plaintiff and counter-defendant Family

Dollar Stores, Inc. ("Family Dollar" or the "Plaintiff") has filed

a motion for sanctions pursuant to Rule 37(b) of the Federal Rules

of Civil Procedure ("Motion") against UFI asserting that UFI failed

to comply with a February 14, 2012 order issued by the Honorable

Colleen McMahon, U.S.D.J. (the "February 14 Order").  (Plaintiff's

Memorandum of Law dated Feb. 23, 2012 ("Pl. Memo.") at 1).

Specifically, Family Dollar complains that UFI failed to produce

documents that "include, but are not limited to, the sales records

relating to [] 18 [] designs [other than the one identified in the

1

complaint] listed on UFI's copyright registration" number VAu 978-345 (the "Copyright Registration").  (Pl. Memo. at 1, 6).  As sanctions, Family Dollar asks that UFI's pending motion for partial summary judgment be dismissed, that certain factual issues be deemed established, and that UFI pay the expenses Family Dollar has incurred in bringing this motion.  (Pl. Memo. at 7-9).  For the reasons that follow, Family Dollar's motion is granted in part.

Background

This motion is the culmination of many discovery disputes that have arisen in this litigation.  Resolution of this dispute turns on what, precisely, UFI was required to produce pursuant to the February 14 Order. That, in turn, requires a detailed account of its complicated history.

UFI holds copyright registration number VAu 978-345 for a collection of two-dimensional designs, including one called "Mod Squad."  (Complaint at 2 & Exh. A at 5).  Family Dollar brought this action seeking a declaration that UFI's copyright in Mod Squad is "invalid, void, unenforceable and/or not infringed" by an allegedly infringing girl's dress sold by Family Dollar. (Complaint at 2, 4 & Exh. A at 5-7).  In response, UFI filed a counterclaim alleging that garments sold by Family Dollar and counter-defendant Prestige Global Company Ltd. ("Prestige") infringe the Mod Squad design.  (UFI's Answer and Counterclaim ("Counterclaim") at 4-6).

In July 2011, in accordance with Rule 26 of the Federal Rules of Civil Procedure, UFI sent Family Dollar its initial disclosures.

(UFI's Rule 26 Initial Disclosures ("Initial Disclosures"), attached to Declaration of Michael D. Steger, Esq., dated July 8, 2011 ("Steger Decl."), as Exh. 3). These Initial Disclosures enumerated relevant documents in UFI's possession, including "[i]nvoices and purchase orders for the print designs at issue," "[o]ther miscellaneous documents related to the print designs at issue," "[d]ocuments showing the offering for sale of the print design at issue," and "sales documents related to the print design at issue." (Initial Disclosures at 3-4).

In August 2011, Family Dollar propounded its first requests for production. (Plaintiff Family Dollar's First Request for Production dated Aug. 30, 2011 ("RFP"), attached to Declaration of Richard S. Schurin, Esq., dated Feb. 23, 2012 ("Schurin Decl."), as Exh. B). The document defined the phrase "Subject Design" as it is used in the RFP as "[UFI's] design which is identified and denoted in the Counterclaim." (RFP at 4). As noted above, the Counterclaim designates only the Mod Squad design. (Counterclaim at 4). The RFP also included requests that did not refer explicitly to the Subject Design. For example, Family Dollar asked for "[a] sample of each of 19 works . . . that comprise the 2008 Geometric Floral Collection II that is the subject of Copyright Registration No. VAu978-345." (RFP at 6 ("Request No. 4")). In addition, Family Dollar requested "[a]ll invoices and purchase orders for the print designs at issue as referenced in [UFI's] initial disclosures." (RFP at 9 ("Request No. 24")).

On October 13, 2011, Family Dollar sought an order compelling

UFI to respond to the RFP, and Judge McMahon referred the dispute to me. (Memorandum Endorsement dated Oct. 13, 2011). On October 21, 2011, I ordered UFI to provide written responses to Family Dollar's discovery requests immediately and to produce responsive documents by October 28, 2011. (Order dated Oct. 21, 2011 ("October 21 Order")). UFI timely provided written responses, including objections, to Family Dollar's RFP.[1] Notwithstanding the objections, UFI consistently agreed to produce documents. For example, in response to Request No. 4, UFI stated, "Notwithstanding the  foregoing [boilerplate objections], Plaintiff will produce documents related to the design at issue in this case." (UFI'S Responses at 5 (emphasis added)). In response to Request No. 24, UFI stated, "Notwithstanding the foregoing [boilerplate objections], Plaintiff will produce documents." (UFI'S Responses at 12).

On October 28, 2011, UFI produced documents, including a sales summary ("Sales Order Item Report") detailing all sales of the Mod Squad design. (Steger Decl., ¶ 7). Family Dollar deposed Shahariar Simantob, president of UFI, on November 10, 2011. (Excerpt from Transcript of Deposition of Shahariar Simantob dated Nov. 10, 2011 ("Simantob Tr."), attached to Schurin Decl. as Exh. D). At the deposition, Family Dollar requested that UFI produce a

---

[1] The objections appear to be largely boilerplate. For example, Family Dollar interposed objections based on vagueness and ambiguity to each of the 45 requests, overbreadth to 43 requests, and relevancy to 41 requests. (UFI's Responses to Requests for Production of Documents ("UFI's Responses"), attached to Schurin Decl. as Exh. C, at 4-19). None of these objections has been supported by any detailed explanation.

similar sales summary for each of the 18 other designs included in the Copyright Registration. (Simantob Tr. at 45; Letter from Richard Schurin dated Jan. 5, 2012 ("January 5 Letter"), attached to Steger Decl. as Exh. 7, at 2).

The discovery period closed on November 21, 2011. (Memorandum Endorsement dated Oct. 13, 2011). On December 5, 2012, after a pre-trial conference, I ordered both parties to "answer all outstanding interrogatories and produce all non-privileged documents responsive to document requests" by December 15, 2011. (Order dated Dec. 5, 2011 ("December 5 Order")).

UFI filed a motion for partial summary judgment on January 4, 2012, which argues, in part, that the Copyright Registration constitutes prima facie evidence of the validity of UFI's copyright in the Mod Squad design. (UFI's Memorandum of Points and Authorities dated Jan. 4, 2012, at 5-6).

On January 6, 2011, Family Dollar requested an order compelling UFI to "produce documents previously requested," including "all invoices and purchase orders, and other evidence of first sale" of the 18 designs (other than Mod Squad) included in the Copyright Registration. (Letter from Richard Schurin dated Jan. 6, 2012 ("January 6 Letter"), attached to Schurin Decl. as Exh. F, at 1, 2). These documents are relevant, Family Dollar argued, because "[c]ollection copyright registrations . . . are valid only when all of the constituent materials were published in the subject collection together, simultaneously, and for the first time anywhere." (January 6 Letter at 2 (citing McLaren v. Chico's

<u>FAS, Inc.</u>, No. 10 Civ. 2481, 2010 WL 4615772 (S.D.N.Y. Nov. 9, 2010), and <u>L.A. Printex Industries Inc. v. Aeropostale</u>, No. CV 08-7085, 2010 WL 2813800 (C.D. Cal. May 5, 2010), <u>rev'd</u>, __ Fed. App'x __, 2012 WL 91316 (9th Cir. Jan. 12, 2012))). In an attachment, Family Dollar enumerated nine categories of documents that UFI had allegedly agreed, but failed, to produce:

> (1) invoices reflecting when Mod Squad fabric was first shipped to customers and shipping records related to sales to two particular people;
>
> (2) sales and shipping records for the designs other than Mod Squad included in the Copyright Registration;
>
> (3) a copy of a document transferring ownership of the Mod Squad design from its designer to UFI;
>
> (4) documents identifying UFI's salespeople in the New York area active during the relevant period;
>
> (5) documents showing all retail locations at which fabric with the Mod Squad design was sold;
>
> (6) documents identifying all printing mills and garment factories where UFI believes that it or Prestige might have had access to the Mod Squad design;
>
> (7) sales records regarding garments with the Mod Squad design on them;
>
> (8) documents demonstrating UFI's lost profits and profit margins from the Mod Squad fabric; and
>
> (9) documents showing UFI's selling price in 2008 for the Mod Squad fabric.

(January 5 Letter, attached to January 6 Letter, at 2-3). In addition, Family Dollar asked for an extension of time to respond to UFI's summary judgment motion. (January 6 Letter at 1).

Judge McMahon denied the motion to compel, reasoning that all discovery disputes should have been raised prior to the discovery deadline. (Memorandum Endorsement dated Jan. 11, 2012). She later

granted Family Dollar an extension of time to respond to UFI's summary judgment motion, but again refused to order more discovery. (Memorandum Endorsement dated Jan. 12, 2012 (Docket No. 21)).  I similarly denied Family Dollar's motion to compel on the basis of untimeliness. (Memorandum Endorsement dated Jan. 12, 2012 (Docket No. 22)).  Judge McMahon then denied Family Dollar's request that she modify her order and compel UFI to produce the Sales Order Item Reports for the 18 other designs listed in the Copyright Registration. (Memorandum Endorsement dated Jan. 17, 2012 (Docket No. 23)).  She subsequently ordered the parties to contact me for "clarification of their responsibilities" under my December 5 Order. (Memorandum Endorsement dated Jan. 17, 2012 (Docket No. 24)).

On January 19, 2012, after a pre-trial conference, I denied Family Dollar's application for an order compelling UFI to produce additional documents, stating, "To the extent, if at all, that the information sought was encompassed within my [December 5 Order], the date for compliance with that Order was December 15, 2011, and Family Dollar failed to seek enforcement in a timely fashion." (Order dated Jan. 19, 2012 ("January 19 Order")).

Family Dollar filed objections to the January 19 Order, arguing that Family Dollar had asked both in the RFP and at the Simantob deposition for Sales Order Item Reports for the 18 designs included with Mod Squad on the Copyright Registration, but UFI had not produced them. (Memorandum of Law in Support of Objections Purusant [sic] to Rule 72 dated Feb. 2, 2012 ("Objections"), at 1-

7

2).  Family Dollar also argued that the December 5 Order required
UFI to produce these Sales Order Item Reports. (Objections at 1-2,
4).

On January 27, 2012, Family Dollar filed papers opposing UFI's
motion for partial summary judgment that argue, in part, that UFI's
copyright registration is invalid because (1) it purports to cover
an unpublished collection of works, but at least one of the works
was published prior to the registration and (2) the collection
could not qualify as a published collection because all of the
copyrightable elements of the works were not published concurrently
as a single unit.  (Family Dollar's Memorandum in Opposition dated
Jan. 27, 2012, at 10-18).

On February 14, 2012, in response to Family Dollar's
Objections, Judge McMahon reversed the January 19 Order.[2]  Judge
McMahon held that Family Dollar's application of January 6, 2012,
should have been granted and "plaintiff directed on pain of
contempt to produce the documents as ordered by Judge Francis on
December 5, 2011." (Decision on Objection to Order of Magistrate
Judge dated Feb. 14, 2012 ("February 14 Order") at 1).  Therefore,
she directed UFI to produce all documents it was required to
produce under the October 21 Order and "further direct[ed] that
production be made -- COMPLETE production -- by February 21, 2012,"
warning that "[i]f defendant fails to make complete production of

_____

[2] Judge McMahon states that she is reversing an order dated
January 15, 2012.  However, there is no order dated January 15,
2012.  The order to which Family Dollar directed its objections is
dated January 19, 2012.

8

all the documents it was previously ordered to produce, sanctions will be imposed." (February 14 Order at 2). Judge McMahon indicated that these sanctions would include summary denial of UFI's motion for partial summary judgment. (February 14 Order at 1).

On February 16, 2012, UFI filed a Form CA with the U.S. Copyright Office. The submission purports to correct the Copyright Registration by removing all designs other than Mod Squad and adding a publication date. (Form CA dated Feb. 16, 2012, attached to Declaration of Scott Alan Burroughs dated March 9, 2012 ("Burroughs Decl."), at 1-2). UFI asserts that the Copyright Office has approved the amendment. (Burroughs Decl., ¶ 4).

On February 21, 2012, UFI produced additional documents, but did not include documents regarding the sale of the 18 other designs. (Steger Decl., ¶ 9). UFI then sent a letter to Judge McMahon requesting a ruling that it had complied with its discovery obligations or, in the alternative, offering to produce invoices for the 18 other designs. (Letter from Scott A. Burroughs dated Feb. 21, 2012 ("February 21 Application"), at 3). Judge McMahon did not rule on the request, but indicated that UFI should ask me. (Memorandum Endorsement dated Feb. 22, 2012). Family Dollar filed this motion on February 23, 2012.

<u>Discussion</u>

A. <u>Legal Standards</u>

"Provided that there is a clearly articulated order of the court requiring specific discovery," Rule 37(b) gives district

courts authority to impose sanctions for noncompliance with such an order.  Daval Steel Products, a Division of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991).   The party requesting sanctions has the initial burden of demonstrating that the production is insufficient.  See, e.g., Benitez v. Straley, No. 01 Civ. 0181, 2008 WL 400894, at *1 (S.D.N.Y. Feb. 14, 2008) (denying sanctions because the movant "had not met his burden of explaining why the discovery provided . . . was insufficient").  However, once a party's disobedience is established, the court has broad discretion to impose sanctions tailored to the offensive conduct.  Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135, 140 (2d Cir. 2007).   These can include deeming certain disputed questions of fact as established, prohibiting the introduction of certain evidence, and outright dismissal.  Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).  "The mildest [sanction] is an order to reimburse the opposing party for expenses caused by the failure to cooperate."   Id.  This sanction must be imposed unless the noncompliant party shows that its failure was substantially justified or that an award of expenses would be unjust.  Fed. R. Civ. Proc. 37(b)(2)(C); Mugavero v. Arms Acres, Inc., 680 F. Supp. 2d 544, 574 (S.D.N.Y. 2010).

B.   The Documents at Issue

As noted above, Family Dollar has the burden of demonstrating that UFI's document production failed to comply with a court order. In order to assess whether UFI failed to comply with the February

10

14 Order, I must be able to identify the specific documents UFI is accused of withholding.  Family Dollar complains that UFI did not "produce [] required documents, including the documents related to the 18 other designs contained" in the Copyright Registration. (Pl. Memo. at 1).  Similarly, it states that the missing documents "include, but are not limited to, the sales records relating to the 18 other designs." (Pl. Memo. at 6).  The plaintiff does not describe any documents other than those relating to the sale of these 18 designs that it believes UFI was required, but has failed, to produce -- it merely asserts that others exist. (Schurin Decl., ¶¶ 5, 16).  Because Family Dollar's motion designates only one identifiable category of missing documents, I conclude that these sales documents are the only ones at issue here.  This understanding is buttressed by the fact that Family Dollar's recent submissions in this dispute have focused on the Sales Order Item Reports for the 18 other designs. (Letter from Richard Schurin dated Jan. 13, 2012, at 1; Objections at 1).

    C.   <u>UFI Was Required to Produce the Documents at Issue</u>

     The question to be answered, then, is whether the February 14 Order requires UFI to produce sales records for the 18 other designs.  I conclude that it does, although because of the history of this discovery dispute, the answer is not as straightforward as Family Dollar has argued.

     The February 14 Order reverses my denial of Family Dollar's January 6 request to compel UFI to produce certain documents, including the sales records for the 18 other designs. (January 6

Letter at 2).   In the February 14 Order, Judge McMahon states, "after review of the record, I am firmly convinced that the application should have been granted, and the order enforced, and plaintiff directed on pain of contempt to produce the documents as ordered by Judge Francis on December 5, 2011." (February 14 Order at 1).  She then "direct[s] defendant to produce all documents that it was ordered to produce in Judge Francis' order dated October 21, 2011." (February 14 Order at 2).   Unfortunately, there is some ambiguity in that order because UFI's responsibilities under the October 21 Order differ from its responsibilities under the December 5 Order.

    1.    The October 21 Order did not Require Production of the Documents at Issue

    The October 21 Order required UFI to answer Family Dollar's interrogatories and produce documents in response to the RFP. (October 21 Order).  Family Dollar asserts that the Sales Order Item Reports were requested in August in the RFP.  It notes that "Req[uest] No. 24 sought [a]ll invoices and purchase orders for the print designs (designs is plural) at issue as referenced in [UFI's] initial disclosures." (Motion at 6 (internal quotation marks omitted)).   Family Dollar reasons that, because the Initial Disclosures repeatedly use the plural "designs," UFI must have been referring to all of the designs listed in the Copyright Registration.  (Pl. Memo.  at 6). Therefore, it argues, the documents encompassed by Request No. 24 included the sales records for the 18 other designs in the Copyright Registration. (Pl. Memo. at 6).

UFI's Initial Disclosures do, indeed, refer to "designs." However, that term is always modified by the phrase "at issue." According to the Complaint and the Counterclaim, only one design is at issue -- UFI's "Mod Squad" design. (Complaint, ¶ 6; Counterclaim at 4-7 (defining "Mod Squad," alone, as the "Subject Design")). According to UFI, its use of the plural "designs" refers only to Mod Squad and the "source artwork underlying" it. (Defendant's Memorandum of Law in Opposition dated March 9, 2012 ("Def. Memo.") at 2; Steger Decl., ¶4). This is a plausible interpretation of the term "designs" as used in the Initial Disclosures. Moreover, it is more than plausible that Family Dollar understood that the word "designs" as used in the Initial Disclosures did not include the 18 other designs that are the subject of the Copyright Registration. When Family Dollar wanted discovery relating to those other designs, it did not merely use the word "designs," but rather clearly identified them: Request No. 4 seeks "[a] sample of each of 19 works . . . that comprise the 2008 Geometric Floral Collection II that is the subject of [the] Copyright Registration." (RFP at 6). Additionally, Family Dollar's insistence that the plural "designs" must embody a wholly different meaning than the singular "design" is undermined by this District's local rules, which teach that, in the discovery context, "[t]he use of the singular form of any word includes the plural and vice versa." Rule 26.3(d)(3) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"). For all these reasons, Family Dollar's

13

focus on UFI's use of the plural "designs" is too slim a reed to bear the weight of this argument.   The more reasonable interpretation of the October 21 Order is that it did not require production of the sales documents related to the 18 other designs because Family Dollar had not yet requested them.

> 2.   The December 5 Order Required Production of the Documents at Issue

At the deposition of UFI's president on November 10, 2011, Family Dollar asked for production of Sales Order Item Reports for the 18 other designs.   (Simantob Tr. at 45; Def. Memo. at 5; January 5 Letter at 2).   Subsequently, after hearing from both parties, I ordered them to "produce all non-privileged documents responsive to all document requests no later than December 15, 2011."   (December 5 Order).   UFI asserts that the December 5 Order cannot have included the Sales Order Item Reports because they were not the subject of a formal document request.   (Def. Memo. at 4-5).[3]   Although formal discovery requests are preferable to informal ones, "it is not uncommon among attorneys in [the Southern and Eastern Districts] of New York to utilize less formal methods for making discovery requests," or for courts to enforce such demands.[4]

---

[3] UFI also misquotes the December 5 Order, asserting that it "refers to the 'outstanding document requests.'" (Def. Memo. at 5). It does not.

[4] Some districts refuse to enforce informal discovery requests. See, e.g., Whiteside v. Collins, No. 2:08-CV-875, 2012 WL 831795, at *3 (S.D. Ohio March 12, 2012); Firestone v. Hawker Beechcraft International Service Co., No 10-1404, 2012 WL 359877, at *3-4 (D. Kan. Feb. 2, 2012); Patel v. Menard, Inc., No. 1:09-cv-0360, 2011 WL 5024991, at *2 (S.D. Ind. Oct. 20, 2011). However, UFI has neither cited cases supporting such a rule nor provided reasons that I should adopt it in this situation.

<u>Armamburu v. Healthcare Financial Services, Inc.</u>, No. CV 2002-6535, 2007 WL 2020181 (E.D.N.Y. July 6, 2007).  Here, none of the reasons that a court might refuse to recognize an informal discovery request are present.   Family Dollar's request was definite and unambiguous.  It clearly identified the subject documents.  And it occurred on the record at a deposition.  (Simantob Tr. at 45). Therefore, UFI's argument that the December 5 Order did not require production of the Sales Order Item Reports fails.

3.   The February 14 Order also Required Production of the Documents at Issue

To be sure, UFI's belief that it was not required to produce the Sales Order Item Reports received some support from occurrences after December 5.  Family Dollar's requests that the court compel UFI to produce the reports were consistently and repeatedly denied between January 11 and January 19.  (Memorandum Endorsement dated Jan. 11, 2012; Memorandum Endorsement dated Jan. 12, 2012 (Docket No. 21); Memorandum Endorsement dated Jan. 12, 2012 (Docket No. 22); Memorandum Endorsement dated Jan. 17, 2012 (Docket No. 23); January 19 Order).  Indeed, on January 17, Judge McMahon denied Family Dollar's specific request that she modify a previous order to require production of the Sales Order Item Reports, and on January 19, my order denying Family Dollar's motion to compel explicitly refused to determine whether "the information sought was encompassed within" the December 5 Order.  (Memorandum Endorsement dated Jan. 17, 2012 (Docket No. 23); January 19 Order at 1).

However, reading Family Dollar's Objections in conjunction

15

with the February 14 Order, which they precipitated, makes it clear that the order requires production of the subject documents.   The Objections to the January 19 Order explicitly requested an order mandating production of the Sales Order Item Reports.  (Objections at 1, 2, 5).  In response to these Objections, Judge McMahon stated that she had reviewed the record and was "convinced" that Family Dollar's "application should have been granted."  (February 14 Order at 1).  She then reversed the January 19 Order and required production of the missing documents.  (February 14 Order at 1-2). Therefore, I conclude that the February 14 Order, properly interpreted, required UFI to produce the Sales Order Item Reports sought by Family Dollar.

To summarize, the February 14 Order appears to require enforcement of two previous orders -- the October 21 Order and the December 5 Order.  The October 21 Order did not require production of the sales records for the 18 other designs, but that is immaterial, because the December 5 Order did.  In addition, it is clear that the February 14 Order requires such production even without reference to the December 5 Order.  The February 14 Order sustained Family Dollar's objections to my prior order denying a motion to compel production of the subject documents.   The Objections explicitly requested the specific documents at issue here.  By reversing my prior order in response to Family Dollar's Objections, Judge McMahon clearly held that the sales reports for the 18 other designs must be produced.  When UFI failed to produce the sales records at issue, it violated the February 14 Order.

16

D.   Remedy

Rule 37 sanctions

> are intended to serve three purposes.  First, they ensure
> that a party will not benefit from its own failure to
> comply.  Second, they are specific deterrents and seek to
> obtain compliance with the particular order issued.
> Third, they are intended to serve a general deterrent
> effect on the case at hand and on other litigation,
> provided that the party against whom they are imposed was
> in some sense at fault.

Update Art, Inc. v. Modiin Publishing Ltd., 843 F.2d 67, 71 (2d

Cir. 1988); see also King Harvest Development, Ltd. v. Li, No. 08

Civ. 8494, 2010 WL 5174326, at *3 (S.D.N.Y. Dec. 10, 2010).  As

noted above, a court "must" order the payment of the moving party's

reasonable expenses, including attorney's fees, unless the

recalcitrant party shows that its violation was substantially

justified.  Fed. R. Civ. Proc. 37(b)(2)(C); Muqavero, 680 F. Supp.

at 574.  "Ultimately, discovery sanctions should, 'insofar as

possible, . . . restor[e] the prejudiced party to the same position

[it] would have been in absent the wrongful [withholding] of

evidence by the opposing party."  Linde v. Arab Bank, PLC, 269

F.R.D. 186, 195 (E.D.N.Y. 2010) (alterations in original) (quoting

Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)).

Here, the withheld evidence, which relates to the publication

of the 18 designs included with Mod Squad in the Copyright

Registration, is relevant to Family Dollar's argument regarding

invalidity.[5]  17 U.S.C. § 101 ("'Publication' is the distribution

---

[5] UFI's argument that the documents are irrelevant is unsound.
First, and most importantly, Judge McMahon found the documents
relevant in her February 14 Order and, as Family Dollar points out,
that finding is not at issue in this motion.  8B Charles Alan

of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending.  The offering to distribute copies . . . to a group of persons for purposes of further distribution . . . or public display, constitutes publication.").  Family Dollar therefore asks, first, that UFI's motion for partial summary judgment be denied, and, second, that two facts be deemed established: that the Copyright Registration "contains multiple published and multiple unpublished works," and that the designs included in the Copyright Registration "were not included in a 'single unit of publication.'"  (Pl. Reply at 6).

I will not order the denial of UFI's motion for partial summary judgment.  Such an order is more properly in the purview of

---

Wright, et al., Federal Practice & Procedure § 2289 ("The propriety of the discovery sought is not an issue at the time sanctions are being imposed under Rule 37(b).  That question will have been decided when the court ordered the discovery.").  Second, UFI's assertion that evidence regarding the first sale of each of the designs in the Copyright Registration is irrelevant because a registration can be invalidated only for fraud is puzzling.  (Def. Memo. at 6).  Even if this is a correct statement of the law, evidence that, in applying for a copyright registration for an unpublished collection of works, UFI misrepresented the fact that certain of the designs had been published would certainly be relevant to the question of validity, even if it would not, in itself, prove invalidity.  See Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 431 (S.D.N.Y. 2011) (explaining the breadth of the concept of "relevance" in discovery); see also Memorandum Opinion and Order at 8, L.A. Printex Industries, Inc. v. LeChateau, Inc., No. 11 Civ. 4248 (S.D.N.Y. March 23, 2012) (indicating that evidence of falsehood in copyright application is relevant to question of validity).  Finally, Family Dollar's purported amendment of its copyright registration to exclude all designs other than Mod Squad does not change this.  It is clear from the papers submitted in connection with this motion that the propriety of that attempted amendment is likely to be at issue in this case. (Plaintiff's Reply Memorandum dated March 14, 2012, ("Pl. Reply") at 4 ("UFI cannot amend its copyright registration to avoid invalidity."); Copyright Office Circular 8, attached to Schurin Declaration dated March 14, 2012, as Exh. P).

Judge McMahon.  She has already indicated her inclination to summarily deny the motion as a sanction.  Moreover, pursuant to Rule 72 of the Federal Rule of Civil Procedure, I could only do so by means of a report and recommendation, with its attendant objection procedures, which would further delay resolution of this already protracted dispute.

Nor will I order Family Dollar's second requested sanction. Deeming the facts established as requested is not necessary to restore Family Dollar to the position it would have been in had UFI not withheld the documents.  UFI has already offered to "produce the invoices for the [18 other] designs" included in the Copyright Registration.  (February 21 Application at 3).  With their production, which I do order, Family Dollar will gain whatever benefit the documents may bestow.[6]

However, I will require counsel for UFI to pay Family Dollar's reasonable expenses, including attorneys' fees, incurred in bringing this motion.  Although UFI advanced a correct interpretation of the October 21 Order, its position that neither the December 5 Order nor the February 14 Order required production of sales reports for the 18 non-Mod Squad designs included in the Copyright Registration was not substantially justified.  This award shall not include expenses associated with any discovery-related motion filed in this case prior to February 23, 2012, or with

---

[6] UFI's motion for partial summary judgment has been briefed, but it has not yet been decided.  If appropriate, Family Dollar may seek leave from Judge McMahon to supplement its papers based on this belated discovery.

Family Dollar's February 23, 2012 letter to Judge McMahon.  This monetary sanction should be sufficient to serve Rule 37's deterrent function.

Conclusion

Although "courts see the discovery rules as a mandate for counsel to act cooperatively," S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 415 (S.D.N.Y. 2009) (internal quotation marks omitted), "[t]he costs associated with adversarial conduct in pre-trial discovery have become a serious burden to the American judicial system," Sedona Conference Cooperation Proclamation, 10 Sedona Conference Journal 331, 331 (2009 Supp.).  Both the Federal Rules of Civil Procedure and our Local Rules encourage cooperation among counsel to efficiently resolve discovery disputes without intervention from the court.  See Local Rule 26.4 ("Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other . . . ."); Board of Regents of University of Nebraska v. BASF Corp., No. 04 Civ. 3356, 2007 WL 3342423, at *5 (D. Neb. Nov. 5, 2007) ("The overriding theme of recent amendments to the discovery rules has been open and forthright sharing of information by all parties to a case with the aim of expediting case progress, minimizing burden and expense, and removing contentiousness as much as practicable. . . .  If counsel fail in this responsibility -- willfully or not -- these principles of an open discovery process are undermined, coextensively inhibiting the courts' ability to

objectively resolve their clients' disputes and the credibility of its resolution."). Unfortunately, that has not happened in this case. Instead, the Court has been faced with numerous discovery disputes and recalcitrance on the part of counsel for both parties. Even more unfortunately, counsel here are adversaries in another action that has been referred to me for pre-trial supervision -- Family Dollar Stores, Inc. v. L.A. Printex, No. 11 Civ. 2880 -- and appear to be engaging in the same type of behavior, thus wasting their clients' money and the Court's time.

Nevertheless, Plaintiff and counter-defendant Family Dollar Stores, Inc.'s motion for sanctions is granted in part. Defendant and counter-claimant United Fabrics International, Inc. shall produce, within three days of the date of this order, documents reflecting all sales of the 18 designs other than Mod Squad included in Copyright Registration VAu 978-345. These documents must include the Sales Order Item Reports for each of the 18 other designs. Unless the parties agree to the amount of the monetary sanction, Family Dollar Stores, Inc., shall submit to the Court and to United Fabrics International, Inc., by April 13, 2012, a detailed accounting of its reasonable expenses, including attorneys' fees, associated with this motion only. United Fabrics International, Inc., shall have three days from the date it receives the accounting to object to any of the entries as unreasonable.

21

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           April 4, 2012

Copies mailed this date:

Richard S. Schurin, Esq.
Ariel S. Peikes, Esq.
Gottlieb Rackman & Reisman, PC
270 Madison Avenue
New York, New York  10016

Michael D. Steger, Esq.
Law Offices of Michael D. Steger, PC
1325 Sixth Avenue, 27th Floor
New York, New York  10019