UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

FAMILY DOLLAR STORES, INC.,

        Plaintiff,

    -against-

UNITED FABRICS INTERNATIONAL, INC.,

        Defendant.
---------------------------------------------------------------x

UNITED FABRICS INTERNATIONAL, INC.,

        Counterclaimant,

    -against-

PRESTIGE GLOBAL COMPANY, LTD. and
FAMILY DOLLAR STORES, INC.,

        Counter-defendants.
---------------------------------------------------------------x

No. 11 Civ. 2574 (CM)

## ORDER

McMahon, J.:

    Having held an initial pretrial conference with the parties in the above-captioned case, and upon review of their pre-conference letter submissions, I now rule as follows:[1]

1. I confirm my prior ruling that UFI's purported supplementary registration for the Mod Squad design is obviously invalid, for the two reasons discussed in my September 11, 2012 decision granting summary judgment to Family Dollar Stores and Prestige Global. *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 11 CIV. 2574 CM, 2012 WL 4017347 (S.D.N.Y. Sept. 11, 2012). Specifically, one cannot register a single work as a "collection," as UFI has done with its Mod Squad design, because a single work cannot be a collection. Furthermore, the Mod Squad design was published, and so cannot be validly registered as an unpublished work – let alone as an unpublished "collection." *Id.* at *11.

---

[1] This order assumes familiarity with this Court's summary judgment decision entered in this case on September 11, 2012, specifically the section discussing UFI's "supplementary registration." *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 11 CIV. 2574 CM, 2012 WL 4017347, at *11 (S.D.N.Y. Sept. 11, 2012)

1

Interpreting UFI's letter brief on the issue of registration as a motion for reconsideration, the motion is denied.

2. Because UFI does not have a valid registration covering the Mod Squad design, it has no right to bring a claim for copyright infringement against Family Dollar and third party defendant Prestige Global, which I understand to be a Family Dollar affiliate. Therefore, counterclaim/third party complaint is dismissed without prejudice. All UFI has to do in order to assert its infringement claim is to obtain a proper registration for the Mod Squad design – specifically, a registration that does not describe this single work as a collection and that does not describe this admittedly published work as non-published.

3. Family Dollar is entitled to a declaration that it cannot be held liable for copyright infringement, but only on the highly technical ground that UFI's registration is defective. Therefore, partial summary judgment can be entered in favor of Family Dollar, declaring that UFI's copyright registration is flawed.

4. However, neither the validity of UFI's copyright (which attached, subject to any considerations that might have made the design uncopyrightable, at the moment the design was fixed in a tangible medium) nor whether Family Dollar has infringed on Mod Squad if UFI's copyright is indeed valid has yet been adjudicated; and nothing in the order dismissing this action can or should be interpreted as resolving those issues. Therefore, I will not enter final judgment on Family Dollar's complaint, and nothing I have done precludes UFI from bringing a new counterclaim for copyright infringement. Indeed, I have specifically and emphatically rejected Family Dollar's request that dismissal of the counterclaims/third party complaint be with prejudice. So once UFI gets the registration right (which should not take long), it is perfectly free to file a new counterclaim/third party complaint in this action.

5. I am going to stay this case for 90 days to see if UFI can correct this technical snafu. If it does, my goal is to get the parties on track toward a speedy trial of what should be the real issues in this case – the validity of UFI's copyright (which appears to hinge on the originality of the Mod Squad design) and infringement by Family Dollar. So all discovery that was taken in this action will automatically be deemed to have been taken in connection with any new counterclaim/third party complaint. Family Dollar/Prestige may ask the Court to permit additional discovery if it should be necessary, but I would hope it would not be necessary.

6. UFI is on notice that, if it attempts to bring another infringement claim without properly registering its copyright, I will seriously consider imposing Rule 11 sanctions. The problem can be easily remedied; once it is, UFI is free to pursue its rights.

This constitutes the decision and order of the Court.

Dated: September 24, 2012

                                                  U.S.D.J.

BY ECF TO ALL COUNSEL